IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY L. MORRIS, | ) | 8:09CV80 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claim, when liberally construed, is potentially cognizable in federal court. The petitioner makes one claim.

Condensed and summarized for clarity, the claim asserted by the petitioner is: The petitioner was deprived the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* the petitioner's appellate counsel failed to "bring meritorious claims of ineffective assistance of trial counsel on direct appeal."

Liberally construed, the court preliminarily decides that the petitioner's claim is potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of the claim or any defenses thereto or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 1), the court preliminarily determines that the petitioner's claim is potentially cognizable in federal court.

2.	The clerk of the court is directed to mail copies of this Memorandum and Order and the petitioner's Petition for Writ of Habeas Corpus (filing no. 1) to the respondent and the Nebraska Attorney General by regular first-class mail.

3.	By June 13, 2009, the respondent shall file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: June 13, 2009: deadline for the respondent to file state court records in support of answer or motion for summary judgment.

4.	If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

> A.	The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.
>
> B.	The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
> C.	Copies of the motion for summary judgment, the designation, including state court records, and the respondent's brief shall be served upon the petitioner *except* that the respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with

      the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing the petitioner's brief, The respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **The respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner.**

5.    If the respondent elects to file an answer, the following procedures shall be followed by the respondent and the petitioner:

    A.    By June 13, 2009, the respondent shall file <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-

(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B. No later than 30 days after the filing of the relevant state court records, the respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and the respondent's brief shall be served upon the petitioner at the time they are filed with the court *except* that the respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the respondent's

>   brief, the petitioner shall file and serve a brief in response. the petitioner shall submit no other documents unless directed to do so by the court.
>
> E.  No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.
>
> F.  The clerk of the court is directed to set a pro se case management deadline in this case using the following text: July 14, 2009: check for the respondent to file answer and separate brief.

6.  No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated May 4, 2009.

>   BY THE COURT
>
>   s/ Warren K. Urbom
>   United States Senior District Judge

5