IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY L. MORRIS, | ) | 8:09CV80 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Petitioner Jeffrey L. Morris' ("Morris") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) The respondent filed an Answer (filing no. 15), a Brief on the merits of the Petition (filing no. 16), relevant State Court Records (filing no. 12), and a Reply Brief (filing no. 19). Morris filed a Response to the Answer (filing no. 18) and a Brief on the merits of his petition (filing no. 17). This matter is therefore deemed fully submitted.

Liberally construing the allegations of Morris' Petition, he argues that he is entitled to a writ of habeas corpus because he was deprived the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because his appellate counsel failed to "bring meritorious claims of ineffective assistance of trial counsel on direct appeal." (Filing No. 11 at CM/ECF p. 1.)

### I.   BACKGROUND

**A.   Morris' Conviction and Direct Appeal**

On September 22, 2006, Morris pled guilty to one count of first degree sexual assault, and two counts of incest. (Filing No. 12-10, Attach. 9, at CM/ECF pp. 17-26.) Morris was thereafter sentenced to serve a prison term of 40 to 50 years on the first degree sexual assault conviction and 10 to 20 years on each of the incest

convictions, to be served consecutively. (Filing No. 12-8, Attach. 7, at CM/ECF pp. 16-17.) Morris filed a timely direct appeal arguing ineffective assistance of trial counsel and that his sentence was excessive. (Filing No. 12-3, Attach. 2, at CM/ECF pp. 5-6.) The Nebraska Court of Appeals affirmed Morris' conviction and sentence on October 23, 2007. (Filing No. 12-2, Attach. 1, at CM/ECF p. 1.) Morris did not file a petition for further review. (*Id.* at CM/ECF p. 10.)

### B. Morris' Post Conviction Motion and Appeal

On February 1, 2008, Morris filed a verified motion for postconviction relief in the Sarpy County District Court ("Post Conviction Motion"). (Filing No. 12-9, Attach. 8, at CM/ECF pp. 8-15.) Liberally construed, the post-conviction motion set forth Morris' habeas claim. (*Id.*) The Sarpy County District Court denied Morris relief on his post-conviction motion, without an evidentiary hearing. (*Id.* at CM/ECF pp. 17-21.) Morris filed a timely appeal of the denial of post-conviction relief. On appeal, Morris raised his habeas claim. (Filing No. 12-2, Attach. 1, at CM/ECF p. 4.) On December 30, 2008, the Nebraska Court of Appeals affirmed the Sarpy County District Court's decision in a detailed opinion. (*Id.* at CM/ECF pp. 2-7.) The Nebraska Court of Appeals' decision is set forth in greater detail in the analysis below. Morris filed a petition for further review with the Nebraska Supreme Court, which was denied on January 28, 2009. (*Id.* at CM/ECF p. 12.) On March 6, 2009, Morris filed his petition in this court. (Filing No. 1.)

### II. ANALYSIS

### A. Standard of Review

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to

2

factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

    **B.**    **The *Strickland* Standard**

Claims of ineffective assistance of counsel are reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Strickland* requires

3

that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

Additionally, the Supreme Court has very recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

4

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome.  Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro*, supra, at 473, 127 S. Ct. 1933.  And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.  See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

### C. Morris' Claim

#### 1. *State Court Findings*

The Nebraska Court of Appeals addressed Morris' habeas claim, and denied relief.  (Filing No. 12-2, Attach. 1, at CM/ECF pp. 2-7.)  In particular, the Court of Appeals found:

> Morris' appeal is based entirely on an assertion that the State's original information contained a double jeopardy violation.  It is this alleged double jeopardy violation that forms the basis of Morris' assertion that his trial counsel was ineffective in advising Morris to plead and in not challenging the information and that his appellate counsel was ineffective for not raising the issue on direct appeal, and it is this alleged double jeopardy violation that forms the basis of Morris' assertion that

5

> he presented a justiciable issue necessitating the appointment of counsel in the present action. We find Morris' assertions to be meritless.

(*Id.* at CM/ECF p. 5. The Nebraska Court of Appeals then analyzed the underlying double jeopardy claim and determined that:

> [T]he offenses charged in the current case were separate and individual instances of sexual abuse. Each time Morris sexually penetrated his stepdaughter he committed a separate offense of first degree sexual assault of a child and a separate offense of incense [sic]. The crimes charged in this case were not continuous offenses.

(*Id.* at CM/ECF p. 6.) Thus, "[t]here being no merit to Morris'" double jeopardy arguments, the Court of Appeals determined that his counsel could not be ineffective for failing to raise this meritless argument at trial or on appeal. (*Id.* at CM/ECF p. 7.)

    2.    *Deference*

As set forth above, the foregoing findings of fact and conclusions of law by the Nebraska Court of Appeals are entitled to substantial deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. This court has carefully reviewed the record in this matter and finds that the Nebraska Court of Appeals' decision denying Morris' claims are not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Morris has not submitted any evidence, let alone clear and convincing evidence, that the Sarpy County District Court or the Nebraska Court of Appeals was incorrect in any of its factual or legal determinations. 28 U.S.C. § 2254(e)(1). In short, Morris' claim was adjudicated on the merits by the Nebraska Court of Appeals and the grant of a writ of habeas corpus is not warranted here because the Nebraska state courts reasonably applied *Strickland* and other Supreme Court holdings in reaching their decision. In light of these findings, Morris'

Petition is dismissed in its entirety.

IT IS THEREFORE ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice. All pending motions are denied as moot.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated January 4, 2010.

                         BY THE COURT

                         s/ Warren K. Urbom
                         United States Senior District Judge